# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

**JAMES K. BLAIR,**

    Plaintiff,                                        **Case No.**

vs.

**CAVALRY PORTFOLIO SERVICES, LLC,**

    Defendant.

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the Defendant for its violations of the Fair Debt Collection Practices Act., 15 U.S.C. §§ 1692 et seq. in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, James K. Blair (Hereinafter referred to as "Plaintiff" and/or "Mr. Blair")

[1]

is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant" and/or "CAVALRY") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that maintains CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

6. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

7. CAVALRY uses mail in its business.

8. The primary purpose of CAVALRY's business is the collection of debts.

9. CAVALRY is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers. CAVALRY regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

10. CAVALRY is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

11. CAVALRY alleges to have purchased a debt which Mr. Blair incurred as an obligation to pay money.

12. The alleged obligation of Mr. Blair arose out of a transaction within which the money, property, insurance or services that were the subject of the transaction were primarily for personal, family, or household purposes, and the obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

[2]

13. In the course of attempting to collect a debt allegedly due from Mr. Blair to a business not a party to this litigation, Arcadia, CAVALRY communicated with Plaintiff in a fashion that violated the Fair Debt Collection Practices Act.

14. On December 27, 2010, CAVALRY sent Mr. Blair a letter collecting on an ARCADIA account ending in 3201 with the assigned CAVALRY account number of 00058535 claiming the outstanding balance owed of $28,097.79 (see attached Exhibit A).

15. On February 14, 2011, CAVALRY sent Mr. Blair a letter collecting on the same ARCADIA account ending in 3201 claiming a balance owed of $28,265.49 (see attached Exhibit B).

16. On April 6, 2011, CAVALRY sent Mr. Blair a letter collecting on the same ARCADIA account ending in 3201 claiming a balance owed of $28,447.46 (see attached Exhibit C)

17. On June 7, 2011, CAVALRY sent Mr. Blair a letter collecting on the same ARCADIA account ending in 3201 claiming a balance owed of $28,668.68 (see attached Exhibit D).

18. On August 2, 2011, Mr. Blair's attorney, Justin A. Brackett, sent a dispute letter to CAVALRY on behalf of Mr. Blair, informing CAVALRY that he represents Mr. Blair in disputing this debt and requesting validation of the subject debt. (see attached Exhibit E).

19. On September 22, 2011 CAVALRY responded to the August 2, 2011 communication from Attorney Brackett by asserting the "Original Institution: ARCADIA, Original Account Number: ******3201, Cavalry Reference Number: 00058535, Open Date: 08-MAY-1996, Charge Off Date: 02-JUL-1997, and Account Balance: $29,043.32 (see attached

Exhibit F).

20. CAVALRY asserted a new outstanding account balance of $29,043.32 in its September 22, 2011 letter to Attorney Brackett (see attached Exhibit F).

21. CAVALRY asserts a "Charge Off Date" of July 2, 1997 in its September 22, 2011 letter to Attorney Brackett (see attached Exhibit F).

22. Pursuant to the Tennessee Code: "[t]he following actions shall be commenced within six (6) years after the cause of action accrued . . . [a]ctions on contracts not otherwise expressly provided for." Tenn. Code Ann. § 28-3-109(a)(3).

23. On May 26, 2005, CAVALRY sent Mr. Blair a letter collecting on the same ARCADIA account ending in 3201 with the assigned CAVALRY account number of 00058535 claiming the outstanding balance owed of $20,886.73 (see attached Exhibit G).

24. CAVALRY has been collecting on this debt for more than six years: From May 26, 2005 (see attached Exhibit G) through June 7, 2011 (see attached exhibit E).

25. No payments have been made to any entity, and specifically CAVALRY, on this debt throughout the entire period of time that CAVALRY has owned and/or collected this debt. Since CAVALRY has been collecting this account for more than six years, CAVALRY was collecting on this debt in spite of being fully aware that the applicable statute of limitations had ran.

26. CAVALRY has never provided a copy of the original contract signed by Mr. Blair to determine the applicable rate of interest.

27. CAVALRY's letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing.

[ 4 ]

28. Mr. Blair is confused as to what amount CAVALRY was actually pursuing since the amounts asserted vary wildly from the May 26, 2005 letter that was seeking $20,886.73, to the December 27, 2010 letter that was seeking the amount of $28,097.79, the February 14, 2011 letter that was seeking the amount of $28,265.49, the April 6, 2011 letter that was seeking the amount of $28,447.46, the June 7, 2011 letter that was seeking the amount of $28,668.68, and then the September 22, 2011 letter seeking the amount of $29,043.32.

29. Since May 26, 2005, CAVALRY has sent, or caused to be sent, at least 29 collection letters to Mr. Blair in effort to collect on the same ARCADIA account ending in 3201 with the assigned CAVALRY account number of 00058535.

30. In these communications with Mr. Blair, CAVALRY violated the Fair Debt Collection Practices Act.

31. Mr. Blair has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS

32. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

33. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

34. The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2); and

[5]

35. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE REPRESENTATIONS AND/OR UNCONSCIONABLE MEANS

36. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

37. The false representations of the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

38. The employment of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f; and

39. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF HARRASMENT TO COLLECT A DEBT

40. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

41. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d; and

42. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 27th day of December, 2011.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net

[ 7 ]